UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1222

EDWARD ATEKWANA ANAGHO,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-185-038)

Submitted:  September 17, 2007          Decided:  October 9, 2007

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Kell Enow, LAW OFFICES OF ENOW & PATCHA, Silver Spring, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Angela N. Liang, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Atekwana Anagho, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because of the Board's summary affirmance, the immigration judge's decision serves as the final agency determination. Lin-Jian v. Gonzales, 489 F.3d 182, 187 (4th Cir. 2007); see 8 C.F.R. § 1003.1(e)(4) (2007).

Anagho challenges the immigration judge's finding that his testimony was not credible and that he otherwise failed to meet his burden of proving eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold credibility determinations if they are supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Anagho failed to establish past persecution or a well-founded fear of future persecution on a protected ground, as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2007) (stating

- 2 -

that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Anagho cannot sustain his burden on the asylum claim, he cannot establish entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)].").

Anagho also alleges that the Board erred in denying him protection under the Convention Against Torture. To qualify for this protection, a petitioner bears the burden of demonstrating that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). Anagho failed to make such a showing.

Accordingly, we deny Anagho's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -